UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LURNORRIS MCGOWAN,

    Plaintiff,

v.                                                  CASE NO.: 8:09-cv-2311-T-23MAP

CSPS HOTEL, INC., and SURESH
SHUKLA,

    Defendants.
_____/

## **ORDER**

The plaintiff sues under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), to recover overtime compensation. Citing MacKenzie v. Kindred Hospitals East, LLC, 276 F. Supp. 2d 1211 (M.D. Fla. 2003), the parties submit a stipulation for dismissal (Doc. 9), which states that "Plaintiff represents and acknowledges payment in full for all of her claims, including her claim for overtime pay, liquidated damages and attorney's fee and costs. As such, the parties have not entered a 'compromise' which would involve Court review and/or approval pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982)." However, "Lynn's Food suggests no exception to judicial oversight of settlements when the employee receives all wages due." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009). "MacKenzie finds only that, after judicial inquiry confirms both 'full compensation' and 'no side deal' (in other words, the absence of compromise), no further judicial inquiry is necessary. In every

other instance, Lynn's Food requires plenary review by the district court." Dees v. Hydradry, Inc., __ F. Supp. 2d __, 2010 WL 1539813, at 6-7 (M.D. Fla. Apr. 16, 2010).

Because the parties' stipulation fails to preclude the existence of a compromise, the parties' stipulation for dismissal (Doc. 9) is **REJECTED**. On or before **May 3, 2010**, the parties shall move for approval of the proposed settlement. The parties must attach to the motion any written agreement or memorialization of the terms of the settlement. In the motion, the parties must (1) identify each party's estimate of the plaintiff's hourly wage and the number of unpaid hours worked (in other words, establish the range of the plaintiff's potential recovery) and (2) confirm that the attached agreement includes every term and condition of the parties' settlement (in other words, confirm the absence of any "side deal"). If the settlement involves a compromise (in other words, if the plaintiff either receives less than the full compensation claimed for unpaid wages, liquidated damages, and attorneys' fees or agrees to any term other than the release of his claim in exchange for full compensation, promptly paid), the parties must identify the bona fide dispute or disputes resolved by the compromise and state the reason for the compromise. In addition, the parties must either (1) demonstrate the reasonableness of the proposed attorney's fee using the lodestar approach[*] or (2) represent that the parties agreed to the plaintiff's attorney's fee separately and without regard to the

---

[*] See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303-04 (11th Cir. 1988) ("'A request for attorney's fees should not result in a second major litigation.' The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. . . . [F]ee counsel bears the burden in the first instance of supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.") (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

amount paid to settle the plaintiff's FLSA claim.  See Bonetti v. Embarq Mgmt. Co., __ F. Supp. 2d __, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009).

ORDERED in Tampa, Florida, on April 23, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE