UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LURNORRIS MCGOWAN,

    Plaintiff,

v.                                         CASE NO.: 8:09-cv-2311-T-23MAP

CSPS HOTEL, INC., and SURESH
SHUKLA,

    Defendants.
_____/

## **ORDER**

The plaintiff sues under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), to recover overtime compensation. An April 23, 2010, order (Doc. 10) cites Dees v. Hydradry, Inc., __ F. Supp. 2d __, 2010 WL 1539813 (M.D. Fla. Apr. 16, 2010) (which the parties are directed to read before submitting any further papers); rejects the parties' stipulation of dismissal; and orders the parties to move for approval (as required by Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982)) of the settlement agreement. The parties move for approval and submit a copy of the "confidential" settlement agreement (Doc. 11-1), which contains the following provisions:

> The Plaintiff and his attorneys shall not disclose any information whatsoever regarding any of the terms or the existence of this Agreement (including the amount paid to the Plaintiff) to any person or organization, including but not limited to, present and former directors, employees . . . of CSPS . . . .
>                           . . .
> The Plaintiff acknowledges that each breach by him of the promises of confidentiality . . . shall be a material breach . . . [and the plaintiff] consent[s] to the issuance of an injunction . . . enforcing this Agreement and enjoining further breaches and agrees that if he or his attorneys violate the confidentiality terms . . . the Plaintiff will pay

>> Defendants two thousand dollars ($2,000.00) per violation as
>> liquidated damages.
>> . . .
>> The Plaintiff shall refrain from expressing to any person or
>> organization . . . any statement or opinion concerning whether or not
>> Defendants have violated the law . . . .
>> . . .
>> The Plaintiff agrees that he will not contact past or present
>> employees . . . and will not make any statements to current, former
>> or prospective officers, agents, [or] . . . employees . . . or to other
>> members of the public that are in any way disparaging or negative
>> toward the Defendants.

Because of these provisions, which both contravene FLSA policy (see Dees, 2010 WL 1539813) and purport to limit the plaintiff's rights under First Amendment,[1] the motion for approval (Doc. 11) is **DENIED** and the settlement agreement is **REJECTED**. No later than **May 10, 2010**, the parties must either move for approval of a settlement agreement that complies with the law or file a case management report.

ORDERED in Tampa, Florida, on April 29, 2010.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] To the extent that the agreement includes a "non-disparagement" provision, the settlement agreement apparently contemplates a judicially imposed "prior restraint" in violation of the First Amendment. See Tory v. Cochran, 544 U.S. 734, 738 (2005); e360 Insight v. The Spamhaus Project, Ltd., 500 F.3d 594, 605 (noting the "sensitive First Amendment issues presented in the context of permanent injunctions in defamation actions"); Metropolitan Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union, 239 F.3d 172, 177 (2d Cir. 2001) ("[F]or almost a century the Second Circuit has subscribed to the majority view that, absent extraordinary circumstances, injunctions should not ordinarily issue in defamation cases."); Erwin Chemerinsky, Injunctions in Defamation Cases, 57 SYRACUSE L. REV. 157 (2007) (arguing that permanent injunctive relief should never be available as a remedy in a defamation action). But see Balboa Island Vill. Inn, Inc. v. Lemen, 156 P.3d 339 (Cal. 2007) (concluding that an injunction prohibiting speech already found defamatory by the trial court was not an invalid prior restraint but holding that the injunction was overbroad). The parties identify no extraordinary circumstance warranting enjoining "disparaging remarks" in this case.